22-311

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KARI HAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO: 3:22-cv-2330 |
| v. | ) | |
| | ) | [Removed from the Circuit Court for |
| CASEY'S GENERAL STORES, INC., | ) | the Third Judicial Circuit, Bond |
| | ) | County, Illinois, Case No. 22-LA-9] |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant CASEY'S RETAIL COMPANY (improperly named as CASEY'S GENERAL STORES, INC.), pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, hereby removes this action to the United States District Court for the Southern District of Illinois. In support of this Notice, Defendant states as follows:

1. On August 15, 2022, Plaintiff filed her Complaint against Defendant in the Circuit Court of Bond County, Illinois, seeking damages for personal injuries arising out of a trip and fall incident occurring at a Casey's store in Greenville, Illinois. *See* **Exhibit A**.

2. On September 7, 2022, Defendant Casey's General Stores, Inc. ("Casey's") was served with the Complaint in this action. *See* **Exhibit B**.

### Subject Matter Jurisdiction

3. This Court possesses subject matter jurisdiction over this action because the matter presents a dispute between citizens of different states, and the amount in controversy is greater than $75,000.00. *See,* 28 U.S.C. §1332(a). In Illinois, state law prohibits a demand for a specific sum. *See*, 28 U.S.C. §1446(c)(2)(A)(ii).

4. Complete diversity of citizenship exists between the parties.

(a) Plaintiff is a citizen of Illinois, residing in St. Clair County, Illinois. *See* **Exhibit A.**

(b) The named Defendant, Casey's General Stores, Inc. is an Iowa corporation with its principal place of business in Ankeny, Iowa. *See* **Exhibit C.** Casey's Retail Company, the owner and operator of the Casey's store as alleged in the Complaint, is an Iowa corporation with its principal place of business in Ankeny, Iowa. *See* **Exhibit D**.

(c) Because the Plaintiff is a citizen of a different state than Defendant, Casey's General Stores, Inc. (or the proper Defendant, Casey's Retail Company), the parties meet the geographical requirements for diversity jurisdiction in this Court. *See,* 28 U.S.C. §1332(a).

5. Based on the nature of the alleged injury Plaintiff will seek an amount in excess of $75,000.00; thus this Court possesses subject matter jurisdiction over this action. *See,* 28 U.S.C. §1332(a). The Complaint indicates that the Plaintiff has sustained "serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to be healed and cured of his [sic] maladies; suffered, and will in the future continue to suffer, great pain and anguish and physical and mental suffering; and was deprived if [sic] earnings to which she might have otherwise been entitled." *See* **Exhibit A** at ¶ 10. Notwithstanding this prayer, this Court may consider all facts relevant to the amount in controversy in this case at the time of this Notice of Removal. See *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, as "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible. *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 511 (7th Cir. 2006). In fact, "unless

recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co*., 637 F.3d 827, 830 (7th Cir. 2011).

6.  A good faith assessment of the Complaint here reveals that the amount in controversy exceeds $75,000.00. Plaintiff has alleged "serious and permanent injuries" resulting from a trip-and-fall incident, resulting in disability, disfigurement, pain and suffering, past and future medical expenses, and loss of income. *See* **Exhibit A**. Under such allegations, Plaintiff will undoubtedly seek damages in excess of $75,000.00 and the amount in controversy is satisfied for removal. See, e.g., *Vance v. Hill,* 2019 U.S. Dist. LEXIS 36548, at *4-5 (C.D. Ill. 2019) (jurisdictional amount was satisfied where the plaintiff alleged severe and permanent injuries and associated medical costs arising from a traffic accident); *Beckum v. Dierbergs Edwardsville LLC*, 2015 U.S. Dist. LEXIS 67775, at *1 (S.D. Ill. 2015) (jurisdictional amount satisfied where plaintiff alleged bodily injuries, pain and medical expenses).

7.  The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the plaintiff is the citizen of a state different from that of Casey's General Stores, Inc. (and the proper Defendant, Casey's Retail Company).

## Timeliness of Removal

8.  Defendant files this Notice within thirty (30) days of service of the Complaint. *See* **Exhibit B**. Accordingly, this Notice of Removal is timely brought before this Court. *See,* 28 U.S.C. §1446(b).

22-311

## **Venue and Other Matters**

9. Because this action was originally filed in the Circuit Court of Bond County, Illinois, the action is properly removable to the United States District Court for the Southern District of Illinois. *See,* 28 U.S.C. §1441(a); 28 U.S.C. §92(a)(1).

10. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Bond County, instructing that no further proceedings shall be had until such time as this matter is remanded from this Court.

11. A true and correct copy of the pleading which demonstrates that this matter is removable is attached hereto as Exhibit A. *See,* 28 U.S.C. §1446(b).

WHEREFORE, Defendants request that this Court assume full jurisdiction over the cause herein as provided by law, and that further proceedings in the Circuit Court of Bond County regarding the action be stayed. Casey's General Stores, Inc. (and the proper Defendant, Casey's Retail Company) further demands that the trial of this matter in federal court be heard by a jury.

CASEY'S RETAIL COMPANY (improperly named as CASEY'S GENERAL STORES, INC.),
Defendant

/s/ *Brittany P. Warren*
BY:_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Barry S. Noeltner, #6190817
Brittany P. Warren, #6325934

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Suite 100, Mark Twain Plaza III
105 West Vandalia
Edwardsville, Illinois 62025-0467
Telephone  618.656.4646
PRIMARY E-SERVICE - edwecf@heylroyster.com
SECONDARY E-SERVICE - bnoeltner@heylroyster.com
SECONDARY E-SERVICE – bwarren@heylroyster.com

22-311

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **October 7, 2022**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system to all parties of record listed below, and by transmitting a copy from my e-mail address to the primary and secondary e-mail addresses of record designated by those individuals will send notification of such filing(s) to the following:

John Abell – john.abell1@icloud.com
P.O. Box 321
Troy, IL 62294
**Attorney for Plaintiff**

                  */s/ Brittany P. Warren*